**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CARMEN LAMBECK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.:  5:14-cv-00168-DAE** |
| | § | |
| **EOS CCA,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT, EOS CCA'S, ANSWER TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant EOS CCA ("Defendant"), and files this Answer to Plaintiff Carmen Lambeck's ("Plaintiff") Complaint ("Complaint") and states as follows:

**ANSWER**

1.      Plaintiff's unnumbered, opening paragraph of the Complaint contains legal assertions to which no response is required.  Defendant denies any allegations contained in the unnumbered, opening paragraph of the Complaint.

2.      Answering paragraph 1 on the Complaint, Defendant admits that Plaintiff has filed an action under the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. §1692 *et seq*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et. seq*., and the Texas Debt Collection Act, Tex. Fin. Code, Chapter 392 ("TDCA").  Defendants deny that Plaintiff is entitled to any recovery under the statutes and causes of action stated in the Complaint.  To the extent that paragraph 1 of the Complaint contains any additional allegations, Defendant denies same.

3.      Answering paragraph 2 on the Complaint, Defendant admits that the statute referenced

confers jurisdiction on this honorable Court, but denies that it violated any law.

4.      Answering paragraph 3 on the Complaint, Defendant admits that it transacts business in the State of Texas and in Travis, County, Texas.  Defendant denies that any act or transactions by it gave rise to any claims by Plaintiff, including the claims alleged by Plaintiff in this case.

5.      Answering paragraph 4 on the Complaint, Defendant admits venue.

6.      Answering paragraph 5 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph and therefore denies same.

7.      Answering paragraph 6 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph and therefore denies same.

8.      Answering paragraph 7 on the Complaint, Defendant admits its address, but that while at times its acts may be deemed that of a "debt collection", it lacks knowledge or information sufficient to form a belief about whether it acted as a "debt collector" as defined by the FDCPA or TDCA in this matter.

9.      Answering paragraph 8 on the Complaint, Defendant admits that while at times its acts may be deemed that of a "debt collector" as defined by the FDCPA, it lacks knowledge or information sufficient to form a belief about whether it acted as a "debt collector" as defined by the FDCPA or TDCA in this matter.

10.     Answering paragraph 9 on the Complaint, Defendant admits that a company can act through individuals, but denies that all of the categories identified acted in this matter.

11.     Answering paragraph 10 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such

paragraph, but admits that the Plaintiff took out a student loan.

12.     Answering paragraph 11 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph.

13.     Answering paragraph 12 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph.

14.     Answering paragraph 13 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph Defendant denies the allegations contained therein.

15.     Answering paragraph 14 on the Complaint, Defendant denies the allegations contained therein.

16.     Answering paragraph 15 on the Complaint, Defendant denies the allegations contained therein.

17.     Answering paragraph 16 on the Complaint, Defendant denies the allegations contained therein.

18.     Answering paragraph 17 on the Complaint, Defendant denies the allegations contained therein.

19.     Answering paragraph 18 on the Complaint, Defendant denies the allegations contained therein.

20.     Answering paragraph 19 on the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph Defendant denies the allegations contained therein.

21.     Answering paragraph 20 on the Complaint, Defendant denies the allegations contained therein.

22.     Answering paragraph 21 on the Complaint, Defendant denies the allegations contained therein, but admits Plaintiff informed she filed bankruptcy.

23.     Answering paragraph 22 on the Complaint, Defendant denies the allegations contained therein.

24.     Answering paragraph 23 on the Complaint, Defendant denies the allegations contained therein.

25.     Answering paragraph 24 on the Complaint, Defendant admits that calls were not for an emergency purpose, but denies that the TCPA applies and the remaining allegations contained therein.

26.     Answering paragraph 25 on the Complaint, Defendant denies the allegations contained therein.

27.     Answering paragraph 26 on the Complaint, Defendant denies the allegations contained therein.

## Count I

28.     Answering paragraph 27 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

29.     Answering paragraph 28 on the Complaint, Defendant denies the allegations contained therein.

## Count II

30.     Answering paragraph 29 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

31.    Answering paragraph 30 on the Complaint, Defendant denies the allegations contained therein.

## Count III

32.    Answering paragraph 31 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

33.    Answering paragraph 32 on the Complaint, Defendant denies the allegations contained therein.

## Count IV

34.    Answering paragraph 33 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

35.    Answering paragraph 34 on the Complaint, Defendant denies the allegations contained therein.

## Count V

36.    Answering paragraph 35 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

37.    Answering paragraph 36 on the Complaint, Defendant denies the allegations contained therein.

## Count VI

38.    Answering paragraph 37 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

39.    Answering paragraph 38 on the Complaint, Defendant denies the allegations contained therein.

## Count VII

40.     Answering paragraph 39 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

41.     Answering paragraph 40 on the Complaint, Defendant denies the allegations contained therein.

## Count VIII

42.     Answering paragraph 41 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

43.     Answering paragraph 42 on the Complaint, Defendant denies the allegations contained therein.

## Count IX

44.     Answering paragraph 43 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

45.     Answering paragraph 44 on the Complaint, Defendant denies the allegations contained therein.

## Count X

46.     Answering paragraph 45 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

47.     Answering paragraph 46 on the Complaint, Defendant denies the allegations contained therein.

## Count XI

48.     Answering paragraph 47 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

49.     Answering paragraph 48 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

50.     Answering paragraph 49 on the Complaint, Defendant denies the allegations contained therein.

51.     Answering paragraph 50 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.  Defendant further denies that Plaintiff is entitled to the relief requested.

52.     Answering paragraph 51 on the Complaint, Defendant denies the allegations contained therein.

53.     Answering paragraph 52 on the Complaint, Defendant denies the allegations contained therein.

54.     Answering paragraph 53 on the Complaint, Defendant denies the allegations contained therein.

## Count XII

55.     Answering paragraph 54 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

56.     Answering paragraph 55 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

57.     Answering paragraph 56 on the Complaint, such paragraph does not appear to contain any allegations, but to the extent that it does, Defendant denies the same.

58.     Answering paragraph 57 on the Complaint, Defendant denies the allegations contained therein.

59.     Defendant further denies that Plaintiff is entitled to the relief requested in her Prayer.

## I.  AFFIRMATIVE DEFENSES

60.     Defendant affirmatively pleads the defense of bona fide error.  A debt collector may not be held liable in any action brought under the Fair Debt Collection Practices Act (FDCPA ), the Texas Finance Code (TDCA) and the Telephone Consumer Protection Act (TCPA) if it shows by a preponderance of evidence that the alleged violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Defendant did not intentionally (if at all) violate federal or state collection laws.

61.     Defendant affirmatively pleads the defense of the one-satisfaction rule, which prevents Plaintiff from receiving a double recovery under multiple theories of liability, as Plaintiff has plead multiple causes of action in this case.

62.     Defendant affirmatively pleads that a debt collection practice in violation of state law (TDCA) is not per se a FDCPA violation. *Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir. 1996).

63.     Defendant affirmatively pleads that Plaintiffs' FDCPA action is brought in bad faith and for the purpose of harassment, and Defendant is entitled to its reasonable attorneys fees in defense of this action.  15 U.S.C. §1692k.

64.     Defendant affirmatively pleads that Plaintiffs' cause of action under the TDCA is brought in bad faith and for the purpose of harassment, and Defendant is entitled to its reasonable attorneys fees in defense of this action.  Tex. Fin. Code Ann. §396.351.

65.     Defendant affirmatively pleads that Plaintiffs' cause of action under the TCPA is brought in bad faith and for the purpose of harassment, and Defendant is entitled to its reasonable attorneys fees in defense of this action.  Defendant had Plaintiff's prior consent to make any calls at issue.  47 U.S.C. 227(b)(1)(A).

66.     Defendant affirmatively pleads, pursuant to Federal Rule of Civil Procedure 12(b)(6) that Plaintiff has failed to state a claim upon which relief can be granted with regard to her TCPA action.    Plaintiff does not state factual allegations showing that the right to relief sought is plausible and above mere speculation. Even if Plaintiff proves the TCPA allegations in her Complaint, she cannot prove the elements necessary to state a claim under the TCPA. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007); 47 U.S.C. 227(b)(1)(A).

67.     Defendant affirmatively pleads, pursuant to Federal Rule of Civil Procedure 12(b)(6) that Plaintiff has failed to state a claim upon which relief can be granted and preemption.    Plaintiff alleges that Defendant engaged in collection activity regarding debt discharged in bankruptcy. The sole remedy for the Plaintiff, if any, is pursuant to the Bankruptcy Code.    *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir.2002)

68.     Defendant affirmatively pleads that the Plaintiff gave prior consent to communicate with her by calling her cell phone.  Defendant affirmatively pleads that it did not use an autodialer to call Plaintiff's cell phone.

WHEREFORE, ALL PREMISES CONSIDERED, Defendant respectfully requests the Court to enter a judgment that Plaintiff take nothing by this suit, dismiss Plaintiff's suit against Defendants with prejudice, assess costs against Plaintiff, and award Defendant all other relief to which it is justly entitled.

Respectfully submitted,

SCANLAN, BUCKLE & YOUNG, PC

s/ David C. Sander
David C. Sander
Texas Bar No. 00788348
602 West 11th Street
Austin, Texas  78701
E-mail: dsander@sbylaw.com
Tel: 512/478-4651
Fax:  512/478-7750
Attorneys for Defendant EOS CCA


## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Amy L. Bennecoff
Kimmel & Silverman, PC
30 E. Butler Pike
Ambler, PA 19002

s/ David C. Sander